UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONG M. TRAN and
PHUONG HUYNH,

    NO. CIV. S-10-0078 LKK/EFB

    Plaintiffs,

    v.

O R D E R

INDYMAC FEDERAL BANK;
MORTGAGEIT, INC.; NDEX WEST,
LLC; MORTGAGE ELECTRONIC
SYSTEMS, INC.; GLOBAL EQUITY
LENDING; JANYCE PHAM, and
Does 1-20, inclusive,

    Defendants.
    _____/

    This case concerns plaintiffs' home loan. On February 23, 2010, plaintiffs and defendant NDEX West, LLC, filed a stipulation of non-monetary status as to defendant NDEX West (Dkt. No. 17).

    Section 2924l of the California Civil Code provides that where "trustee under a deed of trust [who] is named in an action or proceeding in which the deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has

1

been named in the action or proceeding solely in its capacity as trustee" it may file a declaration of nonmonetary status. Id. at § 2924l(a). If unopposed, "the trustee shall not be required to participate any further in the action or proceedings, shall not be subject to any monetary awards . . . , shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is subject to the action or proceeding." Id. at § 2924l(d). See also, e.g., Kachlon v. Markowitz, 168 Cal. App. 4th 316 (2008).

This court has previously held that non-monetary status is a state procedural rule not applicable in the first instance in federal courts. Tran v. Washington Mut. Bank, No. CIV. S-09-3277, 2010 WL 520878, *1 (E.D. Cal. Feb. 11, 2010) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)); c.f. Hafiz v. Greenpoint Mortgage Funding, Inc., 2009 WL 2137423, at *2 (N.D. Cal. Jul. 16, 2009) (filing for non-monetary status before removal from state court), Amaro v. Option One Mortgage, Corp., 2009 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009) (same). Where plaintiffs have stipulated to a defendant's non-monetary status, however, the court has held that the separate federal rule regarding nominal defendants may apply. Hartgraves v. Fed. Deposit Insurance Corp., No. 2:09-cv-01713 (E.D. Cal. Nov. 18, 2009) (citing S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998)).

Although it appears likely that plaintiffs' stipulated facts entitle NDEX West to nominal defendant status, the court declines to decide this issue absent any discussion by the parties of the

applicable law.  Accordingly, the court DENIES the stipulation of non-monetary status (Dkt. No. 16), and GRANTS defendant NDEX West twenty-eight (28) days from the date of this order to file a stipulation explaining why it should be considered a nominal defendant and what this status should afford.

IT IS SO ORDERED.

DATED: February 25, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT