JEFFER, MANGELS, BUTLER & MARMARO LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
CHRISTOPHER H. DOYLE (Bar No. 190016), chd@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3813
Telephone:     (415) 398-8080
Facsimile:      (415) 398-5584

Attorneys for Defendant FEDERAL DEPOSIT INSURANCE CORPORATION, as RECEIVER for INDYMAC FEDERAL BANK, FSB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CONG M. TRAN AND PHUONG HUYNH,<br><br>Plaintiffs,<br><br>v.<br><br>INDYMAC FEDERAL BANK; MORTGAGEIT, INC.; NDEX WEST, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GLOBAL EQUITY LENDING; JANYCE PHAM; and DOES 1-20 inclusive,<br><br>Defendants. | CASE NO. 2:10-CV-00078-LKK-EFB<br><br>**SUBSTITUTION OF FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB; ORDER**<br><br>Dept:         Courtroom 4<br>Judge:       Hon. Lawrence K. Karlton |

The Federal Deposit Insurance Corporation, as Receiver for IndyMac Federal Bank ("FDIC as Receiver"), states as follows:

1.  On or about July 25, 2008, the Office of the Comptroller of the Currency closed IndyMac Federal Bank, and the Federal Deposit Insurance Corporation (FDIC) was named receiver.  The FDIC as Receiver accepted the appointment that same day.

2.  As a result of this appointment, the FDIC has succeeded to "all rights, titles, powers, and privileges" of the failed institution and may "take over the assets of and operate" the failed institution with all the powers thereof.  12 U.S.C. §§1821(d)(2)(A)(i) and 1821(d)(2)(B)(i).  This includes the resolution of outstanding claims against the institution in receivership.  12 U.S.C.

PDF created with pdfFactory trial version www.pdffactory.com

PRINTED ON RECYCLED PAPER

1  §1821(d)(3). Accordingly, the FDIC as Receiver is the party against which the claims sought by the
2  plaintiffs Cong M. Tran And Phuong Huynh must be asserted.

3       3.      Because the FDIC as Receiver is the proper defendant with regard to the
4  plaintiffs' claims, the FDIC as Receiver should be substituted into this action in place of defendant
5  IndyMac Federal Bank.

6       4.      The Financial Institutions Reform, Recovery and Enforcement Act of 1989
7  ("FIRREA") provides, in pertinent part: "After appointment of a . . . receiver for an insured
8  depository institution, the . . . receiver may request a stay for a period not to exceed – * * * (ii) 90
9  days, in the case of any receiver, * * * in any judicial action or proceeding to which such institution
10  is or becomes a party." 12 U.S.C. §1821(d)(12)(A). This 90-day stay is mandatory: "Upon receipt
11  of a request by any …receiver pursuant to [12 U.S.C. §1821(d)(12)(A)] for a stay of any judicial
12  action or proceeding in any court with jurisdiction of such action or proceeding, ***the Court shall***
13  ***grant such stay as to all parties***." 12 U.S.C. §1821(d)(12)(B) (italics added).

14       5.      Thus, upon entry of an order substituting in the FDIC as Receiver for the
15  current defendant, IndyMac Federal Bank, this matter should be stayed for 90 days.

17  DATED: March 24, 2010               JEFFER, MANGELS, BUTLER & MARMARO LLP
18                                             MICHAEL J. HASSEN
                                               CHRISTOPHER H. DOYLE

                                           By: /s/ Michael J. Hassen
                                                 MICHAEL J. HASSEN
                                       Attorneys for Defendant FEDERAL DEPOSIT
                                       INSURANCE CORPORATION, AS RECEIVER FOR
                                       INDYMAC FEDERAL BANK, FSB

PRINTED ON RECYCLED PAPER

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

Based on the foregoing Substitution and good cause appearing, it is hereby ORDERED:

(1) that the Federal Deposit Insurance Corporation, as Receiver for Indymac Federal Bank ("FDIC as Receiver"), is substituted in for named defendant Indymac Federal Bank, and

(2) that all proceedings in this matter are stayed for ninety (90) days from the date of this order.

IT IS SO ORDERED.

Dated:  March 29, 2010

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

PRINTED ON RECYCLED PAPER

PDF created with pdfFactory trial version www.pdffactory.com